IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § § ERIKBERTHA GRACE ORTEGA (1) § | CASE NO. 6:23-CR-2-JCB |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On May 16, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offenses of Importation of a Controlled Substance, to Wit: a Quantity of Marijuana (Count 1) and Possession of a Controlled Substance with Intent to Distribute, to Wit: a Quantity of Marijuana (Count 2), Class D felonies, Defendant Erikbertha Grace Ortega was sentenced on December 20, 2019 by United States District Judge David C. Guaderrama in the Western District of Texas. The offenses carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of I, was 0 to 6 months of imprisonment. Defendant was sentenced to 2 years of probation subject to the standard conditions of release, plus special conditions to include substance abuse treatment, mental health treatment, financial disclosure, credit restrictions, search conditions and participation in vocational services. Defendant began her term of probation on December 20, 2019. The Court revoked the term of probation on January 8,

2021 and sentenced Defendant to 4 months of imprisonment followed by a 3-year term of supervised release. The Court revoked the term of supervised release on November 18, 2021 and sentenced Defendant to 6 months of imprisonment followed by 26 months of supervised release.

Defendant completed her term of imprisonment and started her second term of supervised release on March 21, 2022. Jurisdiction was transferred to the Eastern District of Texas on February 22, 2023.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on March 23, 2023, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. She must submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine and marijuana on October 27, 2022. It is also alleged that Defendant submitted a urine specimen on November 9, 2022 that tested positive for marijuana and submitted a urine specimen on December 21, 2022 that tested positive for methamphetamine.

2. **Allegation 2 (special condition): The defendant must participate in a mental health program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise her participation in the program. She may be required to pay all, or a portion of the costs of the program.** It is alleged that Defendant failed to attend or schedule her initial assessment with Dr. Vail.

3. **Allegation 3 (special condition): The defendant must reside in a residential reentry center for a term of up to six months. She must follow the rules and regulations of the center.** It is alleged that Defendant left Diersen Charities Residential Reentry Center on April 3, 2022. She allegedly gathered her belongings, told staff she was leaving and did not return.

4. **Allegation 4 (special condition): The defendant must submit to substance abuse testing to determine if she has used a prohibited substance. Testing shall not exceed more than sixty tests per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. The defendant must not attempt to obstruct or tamper with the**

   **substance abuse testing methods.  She may be required to pay all, or a portion, of the costs of the testing.**  It is alleged that Defendant failed to report for substance abuse testing on December 28, 2022; January 18, 2023; January 27, 2023; January 30, 2023; February 7, 2023 and February 20, 2023.

5. **Allegation 5 (mandatory condition):  The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant reportedly committed the offenses of Fail to Identify Intent to Give False Info and Possession of a Substance in Penalty Group 3 Less than 28 Grams in Gregg County, Texas, on March 14, 2023.

6. **Allegation 6 (mandatory condition):  The defendant must not unlawfully possess a controlled substance.**  It is alleged that Defendant unlawfully possessed a controlled substance on March 14, 2023, as noted by her arrest.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class D felonies.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I.  The guidelines provide

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

that Defendant's guideline range for a Grade B violation is 4 to 10 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing marijuana, submitting positive urine specimens, failing to participate in mental health treatment, failing to follow the rules of the residential reentry center, failing to report for drug testing, and committing the offenses of Fail to Identify Intent to Give False Info and Possession of a Substance in Penalty Group 3 Less than 28 Grams as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### *Hearing*

On May 16, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 8 months of imprisonment for this revocation with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FMC Carswell.

### *Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 8 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 8 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Carswell.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 8 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 16th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE